UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 6, 2018

LETTER TO COUNSEL

      RE: *Alphonso Betts, Sr. v. Commissioner, Social Security Administration*;[1]
           Civil No. SAG-17-2441

Dear Counsel:

On August 25, 2017, Plaintiff Alphonso Betts, Sr. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision in part, and remand the case to the SSA for further consideration. This letter explains my rationale.

Mr. Betts filed claims for benefits on October 22, 2013, alleging a disability onset date of September 26, 2012. (Tr. 205-12). His claims were denied initially and on reconsideration. (Tr. 56-74, 77-120, 123-34). A hearing was held on June 8, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 32-55). Following the hearing, the ALJ determined that Mr. Betts was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-31). The Appeals Council denied Mr. Betts's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Betts suffered from the severe impairments of "cerebrovascular accident and late effects thereof; and intellectual functioning." (Tr. 18). Despite these impairments, the ALJ determined that Mr. Betts retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally lift, carry, push, or pull 20 pounds and can frequently lift, carry, push, or pull 10 pounds; he can sit for six hours, stand for six hours, and walk for six hours; he can reach frequently with the left hand and handle

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> frequently with the left hand; he can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, or crawl; he can never be exposed to unprotected heights; he is limited to the performance of simple, routine tasks, simple work-related decisions; and can occasionally interact with supervisors, coworkers, and the public. His time off task can be accommodated by normal breaks.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Betts could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 25-26).

Mr. Betts raises several arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), both as to his concentration, persistence, and pace, and his social functioning; (2) that the ALJ provided an inadequate Listing analysis; and (3) that the VE's testimony did not explain inconsistencies with the Dictionary of Occupational Titles. Pl. Mot. 10-25. I agree that the ALJ failed to provide an adequate explanation of his assessment of Mr. Betts's concentration, persistence, and pace, and did not assess Listing 11.04C. I therefore remand the case to the Commissioner. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Betts is not entitled to benefits is correct.

First, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three functional areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired,

as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.*

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found Mr. Betts to have a more significant impairment than that addressed in *Mascio,* since the ALJ found Mr. Betts to have "marked" difficulties maintaining concentration, persistence, or pace. (Tr. 20). The entirety of the analysis states:

> With regard to concentration, persistence or pace, the claimant has marked difficulties. At the October 2014 consult with Dr. Fishburne, the claimant reported that he played video games and watched television most days (Ex. 5F/2). These activities indicate that the claimant has some ability to follow rules and sustain concentration. Further, Dr. Fishburne noted that the claimant appeared goal directed with clear thinking (Ex. 5F/3). During his examination with Dr. Rossello, the claimant scored a 28/30 on his MMSE but recalled only 1/3 words. In his Function Report, the claimant indicates that he liked to read, watch television, and play video games with his son (Ex. 3E/5). He also indicated that he could read and follow instructions and pay attention for about two hours (Ex. 3E/6).

(Tr. 20). According to 20 C.F.R. § 404.1520a(c)(2), the rating of "marked difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the [ALJ] hearing and [AC] levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Betts's case suggests that the finding of "marked difficulties" was based exclusively on Mr. Betts's inability to recall words accurately during his examination, since the remaining parts of the analysis suggest lesser or no limitations. Without further explanation, I am unable to ascertain why the ALJ found such a serious impairment in Mr. Betts's ability to function. The remainder of the RFC analysis sheds no light on the issue, and in fact entirely fails to address Mr. Betts's ability to sustain work over an eight-hour workday. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a marked limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the limitation.

Mr. Betts also contends that the ALJ failed to properly evaluate the physical listings, particularly Listing 11.04C. Pl. Mot. 19-21. That Listing requires evidence of a marked limitation of physical functioning, in addition to a marked limitation in one of the functional areas of mental functioning. Here, because the ALJ already found a marked limitation in the area of concentration, persistence, or pace, a determination that Mr. Betts had a marked limitation in his physical functioning would have met the criteria of the Listing. Although the SSA, in its brief, offers some medical evidence to support the argument that Listing 11.04C is not met, Def. Mot. 7-8, it is not the province of this Court to cobble together a meaningful explanation for a determination that a Listing has not been not satisfied. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). In light of the complete failure to discuss the criteria of that subsection, remand is warranted to permit the ALJ to address its requirements.

The remainder of Mr. Betts's arguments are unpersuasive. However, because the case is being remanded on other grounds, the ALJ can address, on remand, any other areas he deems

appropriate, including any issues pertaining to social functioning or the level of detail required in the positions considered by the VE.

    For the reasons set forth herein, Mr. Betts's Motion for Summary Judgment [ECF No. 15] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 16] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge